# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Marqueth Wilson,** | CASE NO. 1: 19 CV 337 |
| **Plaintiff,** | |
| | **CHIEF JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| **The Sherwin Williams Co.,** | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendant.** | |

*Pro se* plaintiff Marqueth Wilson has filed in this Court a civil action against The Sherwin Williams Company. (Doc. 1.) Wilson asserts state and federal claims arising from an agreement he entered into with Sherwin Williams relating to supplies for a painting and wall coverings project he undertook for the North Texas Tollway Authority. (*See id*. at 4-6.) Specifically, he alleges Sherwin Williams violated Texas state law governing deceptive trade practices, tortious interference with business relationships, negligence, and breach of contract; and federal discrimination law. (*See id*. at 2.) Wilson also has moved to proceed *in forma pauperis* (Doc. 2); that motion is granted. For the following reasons, Wilson's complaint is dismissed.

Federal district courts are required to screen all *in forma pauperis* complaints and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Wilson's complaint must be dismissed because it is barred under the doctrine of *res judicata*.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment.  *E.g., Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990).  It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action.  *Id.* at 660-61.  The purpose of the rule is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  *E.g., Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).  A subsequent action will be subject to the *res judicata* bar only if there is "an identity of the causes of action[,] that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action."  *Id*.

While *res judicata* is an affirmative defense that must be raised by the defendant, Fed. R. Civ. P. 8, federal courts may assert the *res judicata* defense and dismiss an action *sua sponte* in "special circumstances."  *Arizona v. California*, 530 U.S. 392, 412 (2000); *see also Hutcherson v. Lauderdale Cty., Tenn.*, 326 F.3d 747, 757 (6th Cir. 2003).  A "special circumstance" exists when "a court is on notice that it has previously decided the issue presented . . . ."  *Arizona*, 530 U.S. at 412 (internal quotation marks and citation omitted).

The *res judicata* doctrine applies here.  Wilson filed an action against Sherwin Williams in this Court in July 2018, asserting the same legal claims stemming from the same contract

dispute as those he raises in the complaint now before this Court.  (*See* Case No. 1:18 CV 1606 (Gaughan, C.J.), Doc. 1.)  This Court dismissed that case on the merits in December 2018, and Wilson is now appealing that judgment in the Sixth Circuit Court of Appeals.  (*See* Case No. 1:18 CV 1606, Docs. 9, 12.)  Wilson's subsequent lawsuit, therefore, is barred by the doctrine of *res judicata*, and his complaint must be dismissed.

## CONCLUSION

Accordingly, Plaintiff Marqueth Wilson's Complaint (Doc. 1) is dismissed under 28 U.S.C. § 1915(e)(2)(B).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 5/21/19